IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NVT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-122C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Allegra) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PUBLIC COUNTER STATEMENT OF FACTS

Pursuant to RCFC 56.1(B)(2), defendant, the United States, submits the following response to the statement of facts, filed by plaintiff, NVT Technologies, Inc.,("NVT") on March 23, 2006. NVT's statement of facts was filed in support of "Plaintiff's motion for judgment based upon the administrative record," filed by NVT on March 23, 2006 ("NVT br").

1. Solicitation No. FA8601-050R-0034 was issued by the U.S. Air Force on May 24, 2005. See Administrative Record ("AR"), at Tab 6, p. 218. The due date for initial proposals was June 30, 2005. See AR Tab 7, RFP Amendment 1, at p. 342.

RESPONSE:

Admits.

2. Discussions were conducted, and Final Proposal Revisions (FPR) were due on August 24, 2005. See AR at Tab 21, pp. 511-512 (letter to NVT requesting FPR): See also letter from agency to SelectTech dated August 17, 2005 requesting FPR. AR, Tab 84 pp. 4537-4538.

RESPONSE:

Admits.

3. The SF 33 accompanying the August 24, 2005 proposal to the procuring agency was marked "DRAFT". AR, Tab 25, p.973.

RESPONSE:

Denies. A972; see A961 (identifying attached original Form SF 33).

4. SelectTech's submission dated August 24, 2005 was not a "firm binding offer." AR, Tab 25, p. 973. See Also AR, Para. XI(b), pp. 4528-4529.

RESPONSE:

The United States objects to proposed fact 4 upon the grounds that it states a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Denies. A828-1057 (SelectTech proposal).

5. SelectTech's offer dated August 24, 2005 was not accepted by Defendant. AR, Tab 25,p.973;AR at Tab 15,p. 390.

RESPONSE:

The United States objects to proposed fact 5 upon the grounds that it states a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Denies. A382-89 (request for approval of contract award, dated September 8, 2005); A377-81 (decision of contracting officer to select SelectTech, dated September 8, 2005); A2475 (legal review completed, September 13, 2005); A505-09 (SBA size determination, dated October 12, 2005); A390-484 (contract, dated October 12, 2005).

6. On September 20, 2005 SelectTech submitted a new offer to the Defendant. AR at Tab 15, p. 390.

RESPONSE:

The United States objects to proposed fact 6 upon the grounds that it states a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Denies. A390.

The page cited by the NVT is the first page of the contract -- not an offer.

NVT implies that the sole purpose of a Form SF33 is to make an offer. To the contrary, Form SF33 has several uses. See 48 C.F.R. §§ 15.204 - 15.204-5. Most importantly, Form SF33 serves as the cover page for many solicitations, see A218, and as the cover page for a standard format contract. A390; see 48 C.F.R. §§ 15.204 - 15.204-5.

7. SelectTech's SF 33 dated September 20, 2005 represented the awardee's "firm binding offer." See AR, Para XI(b),pp.4528-4529.

RESPONSE:

The United States objects to proposed fact 7 upon the grounds that it states a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Denies. A828-1057 (SelectTech proposal); A382-89 (request for approval of contract award, dated September 8, 2005); A377-81 (decision of contracting officer to select SelectTech, dated September 8, 2005); A2475 (legal review completed, September 13, 2005); A505-09 (SBA size determination, dated October 12, 2005); A390-484 (contract, dated October 12, 2005).

8. SelectTech's offer dated September 20, 2005 was accepted by the Defendant on October 12, 2005. AR at Tab 15,p.390.

RESPONSE:

The United States objects to proposed fact 8 upon the grounds that it states a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Denies. A828-1057 (SelectTech proposal); A382-89 (request for approval of contract award, dated September 8, 2005); A377-81 (decision of contracting officer to select SelectTech, dated September 8, 2005); A2475 (legal review completed, September 13, 2005); A505-09 (SBA size determination, dated October 12, 2005); A390-484 (contract, dated October 12, 2005).

9. Excluding SelectTech, **[ REDACTED ]** submitted the lowest price in the amount of $ **[ REDACTED ]** . The price submitted by **[ REDACTED ]** was $ **[ REDACTED ]** . AR, Tab 13, p.380.

**[ REDACTED ]** 's past performance score was **[ REDACTED ]**.

**[ REDACTED ]** 's past performance score was **[ REDACTED ]**. AR, Tab 12, p. 372

RESPONSE:

Admits.

10. If SelectTech were eliminated from the competition, the agency would be required under the provisions fo Section M of the RFP to conduct a Price/Past Performance Trade-off ("PPT") analysis to determine whether the additional $ **[ REDACTED ]** in **[ REDACTED ]** 's price was worth the past performance differential between **[ REDACTED ]** 's proposal and the proposal submitted by **[ REDACTED ]** . See AR TAb6, para 1, p.270 and para (c)(2), p.271.

RESPONSE:

The United States objects to proposed fact 10 upon the grounds that it states a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Admits.

11. During oral discussions, the agency raised concerns pertaining to the relevancy of NVT's past performance. AR, Tab 23, p. 674.

RESPONSE:

Admits.

12. NVT's FPR provided additional detail as to the relevance of the prior contracts which it identified for past performance evaluation. AR, Tab 23, pp. 681-700.

RESPONSE:

The United States objects to proposed fact 12 upon the grounds that it states NVT's characterization of the evidence and a legal conclusion, and does not state a fact. Without waiving any objection, the United States responds as follows:

Denies. A4533 (contracting officer reviewed additional submission about relevancy of past performance data and concluded that the additional submission had added no new information); compare A609-17 (NVT proposal) with A686-87 (later submission of checklist characterizing relevancy); see A275 (solicitation) ("The Government is not bound by offeror's opinion of relevancy.").

The GAO agreed with the contracting officer:

> The agency contends that the chart provides, at best, only the most general description of work performed as it presents only the general categories of work listed in the RFP's performance work statement, without elaborating (either in the chart or in the narratives) about the specific projects and work actually performed under those categories and subtasks, in order for the agency to assess if the work performed is directly relevant to the identified tasks. Moreover, as evidenced by the chart in its FPR, NVT itself contends that only about half of the RFP's performance work tasks were performed under two of the three contracts (while all of the tasks were allegedly

> performed under its third contract). Since the record supports the agency's finding that the protester's proposal and FPR failed to provide sufficiently detailed descriptions of work to either allow for a more comprehensive review or support a higher relevance rating, and since it is clear that, even under NVT's self-assessment, as many as half the requirements were not involved in two of its three contracts, we see no basis to question the agency's assessment of the work presented as "somewhat relevant" to the current requirements.

NVT Technologies, Inc.,B-297524;B-297524.2 (February 2, 2006)

2006 CPD Lexis 30.

13. The Past Performance Evaluation was finalized prior to receipt of NVT's FPR. See AR, at Tab 12, pp. 370-376.

RESPONSE:

Denies. A4533; see Response of the United States to NVT's proposed fact No. 12.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/S Donald E. Kinner
DONALD E. KINNER
Assistant Director

/S James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-6979

Attorneys for Defendant

OF COUNSEL

JEFFREY BRANSTETTER, Major
Commercial Litigation Div.
Air Force
Legal Service Agency
1501 Wilson Blvd
Suite 604
Arlington, VA 22209

April 14, 2004

CERTIFICATE OF FILING

I hereby certify that on April 20, 2006, a copy of the foregoing "DEFENDANT'S PUBLIC COUNTER STATEMENT OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier