IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NVT TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-122C |
| THE UNITED STATES, | ) | (Judge Allegra) |
| Defendant. | ) | |

DEFENDANT'S PUBLIC SUPPLEMENTAL
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits the following proposed findings of uncontroverted fact in support of its cross motion for judgment on the administrative record.

14. The SelectTech June proposal contained a signed Form SF33. A951.

15. The Form SF33 in the SelectTech June proposal states, in part:

> All offers are subject to all terms and conditions contained in the solicitation.
>
> . . . In compliance with the above, the undersigned agrees, if the offer is accepted within 120 calendar days . . . from the date for receipt of offers specified above, to furnish any or all items upon which prices are offered at the price set opposite each item, delivered at the designated point(s), within the time specified in the schedule.

A951.

16. The SelectTech June proposal identifies exceptions to certain terms of the solicitation. A935.

17. A letter, dated August 17, 2005, from the Air Force to SelectTech stated, in part:

> Where is the original signed SF33, and where is the Section B Schedule (CLIN Pricing) located in your proposal?

a2340.

18. The SelectTech August proposal stated, in part:

> Original signed SF33. Air Force Letter reference is paragraph 2.e. Proposal reference is Volume IV, page 28. The proposal contained a signed SF 33 on page 28 as requested but did not contain a completed Section B due to the confusing titles and row descriptors contained in that section which have no meaning for a Time and Material contract. However, the data normally contained in the Schedule was presented in Exhibit A of Volume IV on page 14 through 20.
>
> Attached please find the original signed SF 33 requested during discussions. As discussed, the signed originals of the Amendments SF30s are not being provided since they are listed on the original SF 33. The proposal did include copies of the SF 30s on pages 31 through 34.
>
> The Section B has been completed according to the directions of your office, utilizing the data provided in Exhibit A, and is submitted as part of the attached model contract.

A961.

19. The SelectTech August proposal stated, in part:

> Exceptions to the Terms and Conditions. Air Force Letter reference is paragraph 2.c. Proposal reference is Volume IV page 12. The exceptions on page 12 of the referenced proposal volume are deleted. An attached new page 12 is provided showing that Section 7 is reserved.

A961.

20. The SelectTech August submission contained a signed Form SF33. A972.

21. The Form SF33 at page 972 in the record is not marked "draft." A972.

22. The Form SF33 in the SelectTech August submission, at A972, states, in part:

> All offers are subject to all terms and conditions contained in the solicitation.
>
> . . . In compliance with the above, the undersigned agrees, if the offer is accepted within 120 calendar days . . . from the date for receipt of offers specified above, to furnish any or all items upon which prices are offered at the price set opposite each item, delivered at the designated point(s), within the time specified in the schedule.

A972.

23. A draft Schedule B, setting forth proposed prices, appears in SelectTech's August submission at pages A974-81.

24. The deciding official chose the SelectTech proposal (as amended in August) for award on September 8, 2005. A377-81.

25. On September 9, 2005, the contracting officer made a responsibility determination concerning SelectTech. A2502.

26. On September 13, 2005, a legal review of the award decision was completed. A2475.

27. The form requesting a legal review contained the following statement:

> We are trying to get this awarded on or about 15 Sep 05. We have one Subject To item: a DD245 is which is being processed.

A2475.

28. On September 20, 2005 the Form DD245 was completed. A2477.

29. On the same day, September 20, 2005, the award to SelectTech was announced to the unsuccessful bidders (by email and letter), and the unsuccessful bidders were notified of the right to file a size challenge with the SBA. A2509-17.

30. On the same day, September 20, 2005, SelectTech executed a Form SF33 essentially identical to the Form SF33 submitted with the SelectTech August submission, but with slight alterations to the page ranges listed for schedules H, I and J. Compare A951 with A390.

31. The Air Force generated the Form SF33 that SelectTech signed on September 20, 2005. A4529.

32. A purpose of the Form SF33 signed by SelectTech on September 20, 2005 was to serve as the first page of a contract awarded to SelectTech. A4528.

33. The page ranges listed for schedules H, I and J on the Form SF33 signed by SelectTech on September 20, 2005 correspond to pages of the contract generated by the Air Force computerized contract-writing program.

34. On September 22, 2005, NVT filed a size protest.

A2562.

35. On October 12, 2005, the SBA ruled that SelectTech was a small business. A505-09.

36. On the same day, October 12, 2005, the contracting officer awarded the contract to SelectTech by counter-signing the Form SF33 (already signed by SelectTech) that she had previously gathered. A390-484.

37. The contracting officer considered the chart (submitted by NVT in its August submission) purporting to demonstrate the relevance of certain NVT past performance. A4533.

38. The contracting officer concluded that no new or significant information was contained in the chart. A4533.

39. In December 2005, the program manager reviewed the NVT chart, and agreed with the contracting officer. A4586.

40. The GAO also agreed with the contracting officer that the NVT chart contained no new or significant information.

41. The GAO decision states:

> The agency contends that the chart provides, at best, only the most general description of work performed as it presents only the general categories of work listed in the RFP's performance work statement, without elaborating (either in the chart or in the narratives) about the specific projects and work actually performed under those categories and subtasks, in order for the agency to assess if the work performed is directly relevant to the identified tasks. Moreover, as evidenced by the chart in its FPR, NVT itself contends that only about half of the RFP's performance work tasks were

> performed under two of the three contracts (while all of the tasks were allegedly performed under its third contract). Since the record supports the agency's finding that the protester's proposal and FPR failed to provide sufficiently detailed descriptions of work to either allow for a more comprehensive review or support a higher relevance rating, and since it is clear that, even under NVT's self-assessment, as many as half the requirements were not involved in two of its three contracts, we see no basis to question the agency's assessment of the work presented as "somewhat relevant" to the current requirements.

NVT Technologies, Inc.,B-297524;B-297524.2 (February 2, 2006) 2006 CPD Lexis 30.

42. The Air Force placed the following terms in the contract awarded on October 12, 2005:

> The minimum order amount for this contract will be $43,285.00
>
> . . . ONLY THE 88 CONTRACTING SQUADRON WRIGHT-PATTERSON AFB, OH CAN PLACE TASK ORDERS AGAINST THIS CONTRACT

A391.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/S Donald E. Kinner
DONALD E. KINNER
Assistant Director

/S James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-6979

Attorneys for Defendant

OF COUNSEL

JEFFREY BRANSTETTER, Major
Commercial Litigation Div.
Air Force
Legal Service Agency
1501 Wilson Blvd
Suite 604
Arlington, VA 22209

April 14, 2004

CERTIFICATE OF FILING

I hereby certify that on April 20, 2006, a copy of the foregoing “DEFENDANT'S PUBLIC SUPPLEMENTAL PROPOSED FINDINGS OF UNCONTROVERTED FACT” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier